**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50489**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 5, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JUAN JOSE GIL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Juan Jose Gil appeals from his judgment of conviction entered upon his conditional guilty plea to felony driving under the influence (DUI). Gil challenges the district court's denial of his motion to suppress, arguing the evidence of his blood alcohol concentration was obtained after a warrantless blood draw and should have been suppressed. We affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual findings of the district court regarding the traffic stop are uncontested. Officer Krohn stopped Gil for having a non-functioning passenger-side headlamp, speeding, crossing the lane dividing line, and then driving while straddling the line. Officer Krohn smelled the odor of alcohol coming from the vehicle and asked Gil for his license, registration, and proof of insurance. Officer Krohn then explained his reason for the stop. During their conversation, Gil stated he was

1

aware that the passenger-side headlight was out but denied drinking any alcoholic beverages. During his conversation with Gil, Officer Krohn observed that Gil had a relaxed affect, fumbled and dropped his wallet as he was attempting to remove his driver's license, and dropped his phone as he was attempting to access his vehicle insurance information.

After verifying the information on Gil's license, registration, and insurance, Officer Krohn asked Gil to perform field sobriety tests (FSTs) because of the strong odor of alcohol emanating from the vehicle. The FSTs were recorded by the officer's body camera and show Gil's failure to successfully complete the tests. Gil was arrested for driving under the influence and transported to the Nampa Police Department. There, Gil was provided an audio admonition of rights; Gil refused to take a breath test. Officer Krohn informed Gil that if he did not take a breath test, the officer would obtain a warrant for a blood draw. While Officer Krohn was completing the warrant application, Corporal Woodward had a brief conversation with Gil. The conversation was not recorded, but Corporal Woodward indicated that Gil stated he changed his mind and would consent to the blood draw.

Thereafter, body camera video showed Officer Krohn and Corporal Woodward entering the holding area and opening the door to the holding cell. Gil was lying on the cell bench. Officer Krohn and Corporal Woodward engaged Gil in conversation as Gil got up. Corporal Woodward asked Gil to exit the cell, saying, "You said you'd consent to a blood draw, we gotta get that taken care of." Gil then signed a blood draw consent form. The blood draw indicated Gil's blood alcohol concentration was over the legal limit.

Gil was charged with felony DUI pursuant to Idaho Code §§ 18-8004, 18-8005, second felony DUI within fifteen years. Gil filed a motion to suppress the blood draw results on the grounds that the results were illegally obtained without a warrant and in violation of the Fourth Amendment. In his motion to suppress, Gil stated he did not consent to the blood draw and signed the consent form for a blood draw believing a warrant had been obtained. He further argued that Officer Krohn lacked reasonable suspicion to perform field sobriety tests. The State filed an objection to the motion to suppress.

At the motion to suppress hearing, Officer Krohn and Corporal Woodward testified and the body camera footage was admitted without objection. Gil also testified. The district court denied the motion to suppress evidence, finding that the testimony of the officers was consistent with the body camera video, and was more credible than Gil's testimony. The district court also

2

found that Officer Krohn had reasonable suspicion to conduct the field sobriety tests. Finally, the district court found Gil's consent to the blood draw was voluntary. Subsequently, pursuant to a plea agreement, Gill entered a conditional guilty plea and reserved the right to appeal the denial of the motion to suppress. Gil timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Gil does not challenge the district court's conclusion that the officer had reasonable suspicion to initiate a traffic stop and perform the field sobriety tests. Instead, Gil argues the district court erred when it denied Gil's motion to suppress because the State failed to meet its burden of showing he consented to the blood draw. Gil alleges he did not knowingly or voluntarily consent to the blood draw and denies having a conversation with Corporal Woodward where he agreed to the blood draw. As a result, Gil argues the consent exception to the warrant requirement had not been met. The State contends Gil voluntarily consented to the blood draw as evidenced by his signature on the consent form and the supporting body camera footage from the officers and, therefore, the burden of proof for the warrant exception has been met.

The Fourth Amendment to the United States Constitution protects citizens from unreasonable search and seizure. A search conducted without a warrant issued on probable cause is presumptively unreasonable. *State v. Hansen*, 167 Idaho 831, 835, 477 P.3d 885, 889 (2020). Voluntary consent to a search is an exception to the warrant requirement. *State v. Wulff*, 157 Idaho 416, 419, 337 P.3d 575, 578 (2014). The State bears the burden of showing that consent was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Whether consent

3

was voluntary is determined by the totality of the surrounding circumstances. *Wulff*, 157 Idaho at 422, 337 P.3d at 581. The State must show that consent was not the result of duress or coercion, either expressed or implied. *Schneckloth*, 412 U.S. at 227. Consent is not rendered involuntary due to an officer's truthful explanation that the officer could obtain a warrant. *State v. Kapelle*, 158 Idaho 121, 129, 344 P.3d 901, 909 (Ct. App. 2014).

Here, the district court considered the circumstances surrounding the blood draw and whether consent was given. During the suppression hearing, Officer Krohn testified about Gil's refusal to submit to a breath test. Officer Krohn testified that Gil was adamant about not consenting to the breath test and, as a result, Officer Krohn forgot to ask Gil for consent to the blood draw. Officer Krohn explained he put Gil in a holding cell while he began the paperwork for a warrant. Corporal Woodward testified that he realized there was a conflict between Gil and Officer Krohn, and because a different officer can be helpful in diffusing the situation, he entered the holding cell to speak to Gil. Corporal Woodward testified that Gil willingly agreed to consent to a blood draw. The conversation between Corporal Woodward and Gil was not recorded, and Gil later denied the conversation occurred. However, a subsequent conversation between Officer Krohn, Corporal Woodward, and Gil was recorded. As the officers were opening the holding cell for Gil, the following conversation ensued:

| Officer Krohn: | All right Mr. Gil you want to step out here for me . . . [unintelligible] . . . Mr. Gil? |
| Mr. Gil: | What do you mean? |
| Officer Krohn: | Come on out here for me sir . . . |
| Officer Woodward: | . . . You said you'd consent to a blood draw, we gotta get that taken care of. |

Gil exited the cell, and then signed the consent form without objection.

Gil testified and then argued he believed the consent form related to the warrant for a blood draw and implied the officers deceived him regarding the nature of the form. Following the hearing, the district court found that the officers' testimony was more credible than Gil's, Gil consented to the blood draw, and Gil's consent was voluntary.

On appeal, Gil argues his consent was not voluntary and points to his affidavit and testimony as support. Gil acknowledges the district court's credibility determinations "are unchallengeable on appeal" as explained in *State v. Howard*, 155 Idaho 666, 673, 315 P.3d 854, 861 (Ct. App. 2013). Because the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court, this Court will

4

not substitute its judgment for that of the trial court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997.

Here, the district court found that although Gil denied he had a conversation with Corporal Woodward, there were other indicators that the conversation occurred, and the district court explicitly found that Gil and Corporal Woodward had the conversation. The district court found the body camera video of the conversation between Officer Krohn and Corporal Woodward supported that conclusion, as did Gil's demeanor while signing the consent form. The district court relied upon the body camera footage of the interaction, which demonstrates the officers indicated the form was for voluntary consent for the blood draw. In light of that video, the district court also found there was no reasonable basis for Gil's argument that he was signing a warrant form because the officers repeatedly used the word "consent." Ultimately, the district court concluded that, based on the totality of the circumstances, Gil's consent was voluntarily given.

The district court was in the best position to make credibility determinations. In this case, the district court determined the officers' version of events was more credible than Gil's. As Gil's argument rests on a factual premise rejected by the district court and is unreviewable by this Court, Gil fails to establish a violation of his Fourth Amendment rights. The district court did not err in denying Gil's motion to suppress.

## IV.
## CONCLUSION

The district court did not err in denying the motion to suppress. The judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.